UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ZUCCO,<br><br>Plaintiff,<br><br>- against -<br><br>MARCOS AUTO TRANSPORT, INC., and JOEL SOSA,<br><br>Defendants. | 25-CV-2048 (RWL)<br><br>**ORDER ON EXPERT FEE** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a tort case in which Plaintiff Luis Zucco alleges that he suffered injuries as the result of an automobile accident. (*See* Complaint ("Compl.") at Dkt. 1-1.) Before the Court is Defendants' letter motion to set a reasonable fee for the deposition of Plaintiff's orthopedic expert Dr. Sebastian Lattuga pursuant to Federal Rule of Civil Procedure 26(b)(4). (Dkt. 40.) For the reasons explained below, the Court sets Dr. Lattuga's reasonable fee at $650 per hour for deposition testimony time and up to one hour of preparation time.

**Background**

The accident at issue occurred on February 6, 2024. (Compl. ¶ 71.) At some point after the accident, Plaintiff began treating with Dr. Lattuga, and in April 2026, Dr. Lattuga performed spinal surgery on Plaintiff.[1] (Dkt. 40. at 1.) According to Plaintiff's counsel and the website for Dr. Lattuga's practice, Dr. Lattuga is a board-certified orthopedic spine

[1] Plaintiff's opposition does not dispute this assertion, which is based on the representation of defense counsel in Defendants' letter motion. (*See* Dkt. 40 at 1; *see generally* Dkt. 41.)

surgeon.[2] He serves as Chief of Spine Surgery and Medical Director at New York Spine Specialists, and is an Attending Surgeon affiliated with New York Presbyterian Hospital. (Dkt. 41 at 1.) He also is a Clinical Assistant Professor of Orthopedic Surgery at Weill Cornell Medical College. (*Id.*) Dr. Lattuga has been ranked in the top one percent of doctors in the New York Metropolitan area by a nationally recognized healthcare survey company. (*Id.*) Plaintiff has proffered Dr. Lattuga as an expert who treated Plaintiff and can provide an expert opinion on causation and issues related to Plaintiff's surgery and medical prognosis. (*Id.* at 2.)

Defendants intend to depose Dr. Lattuga. In advance of that deposition, Plaintiff has provided Defendants with a fee schedule for a "virtual telephone" deposition of Dr. Lattuga. (Dkt. 40-1.) The schedule sets the fee at $1,500 per hour of deposition time, and $600 per hour of preparation time, "[f]or a total of 3 hours – totaling $5,100." (*Id.*) Defendants contend that the fee demanded for Dr. Lattuga's deposition is unreasonable and should be set at $500 per hour for both the deposition time and preparation time. (Dkt. 40 at 3.) Defendants rely on a case in which the Court set an hourly rate of $500 for both testimony and preparation time for the deposition of the Chief of Spine Surgery at Bronx Lebanon Hospital who, like Dr. Lattuga here, served in both treating and expert roles. (*Id.* at 2-3 (citing *Addison v. Gordon*, 338 F.R.D. 577 (S.D.N.Y. 2021)).)

In opposition, Plaintiff relies on a case in which a court approved a rate of $400 per hour of testimony and preparation time for a deposition of Dr. Lattuga in 2011. (Dkt. 41 at 2-3 (citing *Broushet v. Target Corp.*, 274 F.R.D. 432 (E.D.N.Y. 2011)).) Plaintiff

[2] (*See* Dkt. 41 at 1); https://newyorkspinespecialist.com/sebastian-lattuga-md/. For purposes of the instant application, the Court assumes that the statements about Dr. Lattuga's credentials are true.

argues that inasmuch as Dr. Lattuga received an approved rate of $400 in 2001, the passage of 15 years, along with Dr. Lattuga's expanded surgical responsibilities and increased professional stature, warrant his being "compensated pursuant to his customary deposition fee schedule." (*Id.* at 3.)

**Legal Standard**

The Federal Rules of Civil Procedure permit a party to "depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) …." Fed. R. Civ. P. 26(b)(4)(E)(i). As the rule provides, the party taking the expert's deposition is required only to pay a "reasonable" fee. *Id.*; *see also Ey v. Sam's East, Inc.*, No. 17-CV-0551, 2020 WL 2415560, at *2 (S.D.N.Y. May 12, 2020) ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert" (internal quotation marks omitted)).

Courts consider a number of factors in determining a reasonable expert fee. They include:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Ramos v. AMF Bowling Centers, Inc.*, No. 22-CV-9109, 2025 WL 3062906, at *2 (S.D.N.Y. Nov. 3, 2025) (quoting *Polidora v. D'Agostino & Associates*, No. 19-CV-1290, 2022 WL 4443791, at *1 (S.D.N.Y. Feb. 14, 2022)). "Flat fees for experts are generally considered unreasonable." *Id.* (citing *Mendez-Caton v. Caribbean Family Health Center*, 340 F.R.D. 60, 65 (E.D.N.Y. 2022)); *see also Polidora*, 2022 WL 443791, at *2 ("Because the touchstone of the inquiry is reasonableness, an expert witness generally may not request a flat fee for deposition testimony regardless of the number of hours actually spent" (internal quotation marks omitted)); *Ajasin v. Ortiz*, No. 19-CV-6814, 2021 WL 1437551, at *2 (S.D.N.Y. Apr. 16, 2021) (stating that a flat fee "runs counter to th[e] principle" of reasonableness).

The burden of proving reasonableness falls on the party seeking reimbursement. *Isakov v. Parched Hospitality Group, Inc.*, No. 25-CV-1407, 2025 WL 1569991, at *1 (S.D.N.Y. June 3, 2025) ("It is well established that the party seeking reimbursement for expert fees bears the burden of proving reasonableness"); *Ey*, 2020 WL 2415560, at *2. "If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Addison*, 338 F.R.D. at 579 (quoting *Ey*, 2020 WL 2415560, at *2).

**Discussion**

Before determining the reasonable fee for Dr. Lattuga's deposition time in this case, the Court first addresses timing. Rule 26(b)(4) "does not require payment [of the expert's fee] in advance." *Kent v. Starline Cab Corp.*, No. 03-CV-6140, 2004 WL 251064, at *1 (S.D.N.Y. Feb. 11, 2004); *see also Johnson v. Spirit Airlines, Inc.*, No. 07-CV-1874, 2008 WL 1995117, at *1 (E.D.N.Y. May 6, 2008) (an expert witness "may not insist on advance payment"). And, courts in this Circuit have held that determination of an expert's

deposition fee typically should be made after the expert has been deposed. *See Ramos*, 2025 WL 3062906, at *2 (collecting cases). As one court explains, it may be "difficult or impossible to determine in advance of the deposition what fee might be reasonable, as that may turn, in part, on evidence adduced during and the duration of the deposition." *Kent*, 2004 WL 251064, at *1. For instance, what fee is reasonable may vary depending on whether the expert provides evasive or non-responsive answers, or whether the deposition was improperly prolonged by speaking objections from counsel defending the deposition. As another example, questions may be asked of the expert at deposition that could elicit information material to one or more of the relevant factors, such as to what amount the expert actually receives as a customary fee as compared to what his proffered fee schedule provides.

At the same time, however, there is a very practical reason to determine a reasonable fee in advance of a deposition – the party seeking discovery should be allowed to make an informed cost-benefit analysis as to whether deposing the expert is worth the cost. In its discretion, the Court finds that the best course, at least in this instance, is to make an informed ruling in advance. This ruling is made without prejudice to either party requesting, after the deposition is completed, adjustment of the fee in the event of something untoward. In determining the fee now, the Court will assume that the deposition proceeds in regular fashion and that information provided by Dr. Lattuga is consistent with the credentials set forth in Plaintiff's opposing letter.

According to the information provided, Dr. Lattuga is well-credentialed, expertly trained, and suitably educated in the area of expertise relevant to testimony. *See Broushet*, 274 F.R.D. at 433 (finding that "Dr. Lattuga is clearly an experienced orthopedist and spine surgeon"). The testimony he will provide concerns technical and

specialized medical knowledge.[3] The Court also takes into account that the cost of living in the New York metropolitan area is relatively quite high. But neither those nor any other factors justify the fee that Plaintiff seeks for Dr. Lattuga.

First, Plaintiff has not provided any basis for why Dr. Lattuga should receive three times as much compensation per hour ($1,500) for actual deposition time as compared to time spent preparing for the deposition ($500 per hour).[4] Nor has Plaintiff cited any case law to support that framework. To the contrary, the one case on which Plaintiff relies to support the rates sought for Dr. Lattuga found that charging different rates for time spent being deposed and time preparing to be deposed are "not supported by the case law in this Circuit," and that instead "courts award the same per hour fee for preparation as they do for the time being deposed." *Broushet*, 274 F.R.D. at 434. Plaintiff also has not cited any case in which a court granted a rate anywhere approaching $1,500 per hour for an orthopedic surgeon's time providing deposition testimony. Case law instead indicates that Dr. Lattuga's hourly rate for preparation – $500 – is far closer to a reasonable rate for time spent both preparing for and giving deposition testimony. In *Ramos*, for instance, which was decided less than a year ago, the court found "that there is authority to support a rate of $400 to $500 per hour for an orthopedic surgeon's

[3] Neither party, however, has provided information about whether Dr. Lattuga's testimony and opinion is based on knowledge and analysis that is relatively routine or relatively complex for his specialty.

[4] Plaintiff faults Defendants for providing "no affidavit, survey, or other evidence establishing prevailing rates charged by comparable spine surgeons in the New York metropolitan area" and failing to "present any evidence showing that Dr. Lattuga's customary fee differs materially from what similarly credentialed specialists charge for deposition testimony." (Dkt. 41 at 2.) But Plaintiff has provided no such evidence supporting the fee requested for Dr. Lattuga, and it is Plaintiff's, not Defendants', burden to demonstrate the reasonableness of Dr. Lattuga's expert's rates. *See Ey*, 2020 WL 2415560, at *2; *Addison*, 338 F.R.D. at 579.

deposition testimony and preparation." *See Ramos*, 2025 WL 3062906, at *3 (collecting cases).

Some of the case authority cited by *Ramos* is of relatively recent vintage. *Addison*, which set a fee of $500 per hour for both testimony and preparation, is one such example. 338 F.R.D. at 579; *see also, e.g.*, *Souvenir v. Jordan*, No. 20-CV-9335, 2022 WL 12399329, at *3 (S.D.N.Y. Oct. 21, 2022) (finding rate of $450 per hour reasonable for an orthopedic expert's two hours of deposition testimony and one hour of preparation). But *Ramos* also relies on older cases dating from as early as 2008. *See Ramos*, 2025 WL 3062906, at *3. The Court agrees with Plaintiff that "expert witness rates 'could hardly be expected to remain static' over lengthy periods of time." (*See* Dkt. 41 at 2 (quoting *Broushet*, 274 F.R.D. at 434).) Plaintiff reasonably argues that because a court found $400 a reasonable hourly rate in 2011, Dr. Lattuga should now, 15 years later, be paid at a higher rate. But even considering the passage of time, and Dr. Lattuga's enhanced credentials and experience, the $1,500 per-hour rate Plaintiff seeks for Dr. Lattuga's deposition time is far from reasonable.

Rather, the Court finds, based on all the circumstances, that a fee of $650 per hour – for both testimony time and no more than one hour of preparation time – is reasonable.[5] The Court starts with the proposition that $400 per hour was a reasonable rate for both Dr. Lattuga's testimonial time and preparation time in 2011. Adjusted for inflation, that rate is approximately equivalent to $600 as of August 2026.[6] Recognizing that Dr.

[5] As noted above, Plaintiff seeks payment for at most one hour of preparation time.

[6] *CPI Inflation Calculator*, U.S. BUREAU OF LABOR STATISTICS, bls.gov/data/inflation-calulator.html (last visited September 10, 2026).

Lattuga has acquired additional experience and accomplishments over the 15 intervening years, the Court finds it appropriate to adjust the fee upward to $650 per hour.

**Conclusion**

For the foregoing reasons, Defendants' motion to set a reasonable fee for Dr. Lattuga's deposition is granted in part and denied in part. Dr. Lattuga shall be paid a reasonable fee of $650 per hour for both giving and preparing for his deposition, although payment for preparation time shall be capped at one hour. This order is without prejudice to the parties' rights to apply, within 14 days after the completion of Dr. Lattuga's deposition, for an adjustment of the fee based on changed circumstances. To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 11, 2026
New York, New York

Copies transmitted this date to all counsel of record